No. 23-20126

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

TIMOTHY MORANT
Defendant-Appellant

Appeal from the United States District Court
For the Southern District of Texas

————

**BRIEF FOR APPELLANT**

————

Respectfully submitted,

*/s/ Dennis Hester*
J. Dennis Hester
7 Bell Yard
London, United Kingdom WC2A 2JR
Tel. 325-212-8272
dennis_hester@outlook.com

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

1. District Judge: The Honorable Simeon Lake

2. Appellant: Timothy Morant

3. Appellant's Counsel: Cheryl Irvin (former); J. Dennis Hester

4. Appellee: The United States of America

5. Appellee's Counsel: United States Attorney Alamdar S. Hamdani; Assistant United States Attorney Jill Stotts.

*/s/ Dennis Hester*

**REQUEST FOR ORAL ARGUMENT**

Timothy Morant requests oral argument. This appeal involves an erroneous application of the career offender Guideline, which had a significant impact on Mr. Morant's Guideline calculation and sentence. Oral discussion of the facts and law would benefit the Court.

# TABLE OF CONTENTS

Certificate of Interested Persons ……………………………………………... i

Request for Oral Argument ……………………………………………….... ii

Table of Citations …………………………………………………… v

Statement of Jurisdiction ……………………………………………… 1

Statement of the Issue ………………………………………………….. 2

Statement of the Case …………………………………………………... 3

    A. Indictment and guilty plea …………………………………………… 3

    B. Sentencing ……………………………………………………… 4

Summary of the Argument ……………………………………………….... 6

Argument ………………………………….…………………………… 8

       The district court erred in determining that Mr. Morant
       was a career offender because federal kidnapping is not
       a crime of violence ……………………………….……………… 8

    A. Standard of Review …………………………………………… 8

    B. The career offender Guideline ………………………………… 8

    C. 18 U.S.C. § 1201(a) is not a crime of violence under § 4B1.2(a)(1)
       because it does not require use, attempted use, or threatened use
       of *physical* force against the person of another …………………… 9

    D. 18 U.S.C. § 1201(a) is not a crime of violence under § 4B1.2(a)(2)
       because it sweeps more broadly than the generic definition
       of "kidnapping." ……………………………………………….. 11

E. 18 U.S.C. § 1201(a) contains only one of the four generic elements of "kidnapping" and no specified purpose requirement …………......………… 14

   1. 18 U.S.C. § 1201(a) does not require substantial interference with the victim's liberty ……………………………..…... 15

   2. 18 U.S.C. § 1201(a) does not require a substantial risk of bodily injury ………………………………………………..…….. 17

   3. 18 U.S.C. § 1201(a) does not have a specified purpose requirement …………………………………………………....…….. 17

   4. 18 U.S.C. § 1201(a) does not require the use of force, threat, or fraud. …………………………………………………… 20

F. The district court's Guideline calculation merits correction under plain error review …………………………………..………….... 22

   1. The error was clear and obvious ……………………………………… 22

   2. The error affects substantial rights and merits the exercise of corrective discretion ………………………………………..……….. 23

Conclusion ……………………………………………….………………… 25

Certificate of Service ……………………………………………….……… 26

Certificate of Compliance ……………………………………….……….. 27

# TABLE OF CITATIONS

## CASES

*Clinton v. United States*, 260 F.2d 824 (5th Cir. 1958) ……..……………….. 18, 19

*Knight v. United States*, 936 F.3d 495 (6th Cir. 2019) …………………….…... 11

*Molina-Martinez v. United States*, 578 U.S. 189 (2016) …………………….. 23-24

*Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018) ……………………… 24

*United States v. Adams*, 83 F.3d 1371 (11th Cir. 1996) …………………….…. 19

*United States v. Anderson*, 819 F. App'x 220 (5th Cir. June 30, 2020) …….….. 16

*United States v. Atchison*, 524 F.2d 367 (7th Cir. 1975) …………………….… 18

*United States v. Benitez–Osorio*, 514 F. Appx. 451 (5th Cir. 2013) ……….….. 12

*United States v. Brazier*, 933 F.3d 796 (7th Cir. 2019) ……………… 10, 11, 16, 17

*United States v. Carreon*, 803 F. Appx. 790 (5th Cir. May 6, 2020) ……….… 6, 10

*United States v. Carrion-Caliz*, 944 F.2d 220 (5th Cir. 1991) ……………..… 16, 19

*United States v. Cervantes-Blanco*, 504 F.3d 576
       (5th Cir. 2007) ..……………………………………………. 13, 15, 16, 20

*United States v. Childress*, 26 F.3d 498 (4th Cir. 1994) …………………….…. 18

*United States v. De Jesus Ventura*, 565 F.3d 870
       (D.C. Cir. 2009) ……………………………………….… 7, 13, 15, 19, 22

*United States v. Dixon*, 799 F. Appx 308 (5th Cir. April 3, 2020) …....….. 10, 11, 16

*United States v. Gracia-Cantu*, 302 F.3d 308 (5th Cir. 2002) …………..…….. 23

*United States v. Garza-Robles*, 627 F.3d 161 (5th Cir. 2010) ……………… 6, 9, 16

*United States v. Gillis*, 938 F.3d 1181 (11th Cir. 2019) ……………..… 10, 11, 16, 20

*United States v. Gonzalez-Ramirez*, 477 F.3d 310 (5th Cir. 2007) ………….. 15, 16

*United States v. Healy*, 376 U.S. 75 (1964) ……………………………….. 18

*United States v. Hopper*, 723 F. App'x 645 (10th Cir. 2018) …………………… 11

*United States v. Iniguez-Barba*, 485 F.3d 790 (5th Cir. 2007) ………………… 15

*United States v. Jackson*, 7 F.4th 261 (5th Cir. 2021) …………………..…….. 23

*United States v. Jackson*, 248 F.3d 1028 (10th Cir. 2001) ……………………… 18

*United States v. Johnson*, 514 F.2d 92 (5th Cir. 1975) ..……………… 7, 13, 14, 18

*United States v. Martinez-Flores*, 720 F.3d 293 (5th Cir. 2013) ………………… 17

*United States v. Martinez-Romero*, 817 F.3d 917
    (5th Cir. 2016) …………………………………. 6, 11, 12, 14, 15, 17, 19, 23

*United States v. McCabe*, 812 F.2d 1060 (8th Cir. 1987) ………..……………… 19

*United States v. Moreno-Florean*, 542 F.3d 445 (5th Cir. 2008) ……… 7, 8, 13, 22

*United States v. Najera-Mendoza*, 683 F.3d 627 (5th Cir. 2012) …………….. 8, 13

*United States v. Najera-Mendoza*, 695 F.3d 387 (5th Cir. 2012) …….………… 14

*United States v. Small*, 988 F.3d 241 (6th Cir. 2021) ……………...……… 18-19

*United States v. Spruill*, 292 F.3d 207 (5th Cir. 2002) …………..…………… 22

*United States v. Urbina-Fuentes*, 900 F.3d 687 (5th Cir. 2018) ……………..... 25

*United States v. Walker*, 934 F.3d 375 (4th Cir. 2019) ………………………….. 11

*United States v. Webster*, 162 F.3d 308
    (5th Cir. 1998) ……………………………………7, 13, 14, 17, 18, 19, 22

## STATUTES AND RULES

5th Cir. R. 25.2.1 …………….....……………………………………………… 27

5th Cir. R. 25.2.13 ……………………………………………………………. 27

5th Cir. R. 28.2.1 …………………………………………………………….. i

18 U.S.C. § 924(c) ………………………………………………………….. 3

18 U.S.C. § 924(c)(3)(A) ……………………………………………… 10, 11

18 U.S.C. §1201(a) ……………………………………...…………….. *passim*

18 U.S.C. § 3742(a)(2) ……………………………………………………… 1

28 U.S.C. § 1291 ……………………………………………………………. 1

Fᴇᴅ. R. Aᴘᴘ. P. 4(b) …………………………………..……………… 1, 5

Fᴇᴅ. R. Aᴘᴘ. P. 32(a) …………………………………………………….. 27

## SENTENCING GUIDELINES

U.S.S.G. § 3E1.1 ………………………………………………………….. 3

U.S.S.G. § 4B1.1 …………………………………….……………... 4, 8, 9, 22

U.S.S.G. § 4B1.2 ……………………………………….……… 6, 9, 10, 11

U.S.S.G. ch. 5, pt. A ……………………………………………………… 4

## MISCELLANEOUS

Bʟᴀᴄᴋ's Lᴀᴡ Dɪᴄᴛɪᴏɴᴀʀʏ …………………………………………… 20

Centers for Disease Control and Prevention ……………………………….. 24

## STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1291, as this is an appeal from a final judgment of conviction and sentence entered by the United States District Court for the Southern District of Texas. Jurisdiction also lies under 18 U.S.C. § 3742(a)(2), which provides for review of sentences imposed as the result of an incorrect application of the United States Sentencing Guidelines.

The judgment was entered on March 13, 2023. Mr. Morant filed his notice of appeal on March 29, 2023. On March 30, 2023, the District Court issued an order permitting Mr. Morant to file his notice of appeal past the 14-day deadline in Fed. R. App. P. 4(b)(1)(A), based on a finding of excusable neglect. Fed. R. App. P. 4(b)(4). Therefore, this appeal is timely.

## STATEMENT OF THE ISSUE

Whether the District Court reversibly erred when it imposed the career offender Federal Sentencing Guideline by finding that kidnapping under 18 U.S.C. § 1201(a) is a "crime of violence."

## STATEMENT OF THE CASE

### A. Indictment and guilty plea.

On October 28, 2020, Mr. Morant and his co-defendants were indicted on five counts. ROA.11-14. Mr. Morant was charged with three counts of kidnapping (18 U.S.C. § 1201(a)), one count of hostage taking (18 U.S.C. § 1203), and one count of brandishing a firearm in relation to a crime of violence (18 U.S.C. § 924(c)). ROA.11-14. On November 5, 2020, Mr. Morant appeared in court and waived his detention hearing, electing to remain in custody until his trial. ROA.20-21.

A superseding indictment was issued on July 7, 2022, charging Mr. Morant with three counts of kidnapping in violation of 18 U.S.C. § 1201(a). ROA.55-57. The other two counts of the original indictment were abandoned.

Mr. Morant pled guilty to all three counts of the superseding indictment on July 29, 2022. ROA.113-26. He entered a plea agreement. ROA.153-62. The factual basis in the plea agreement detailed Mr. Morant's participation in three home invasions, in which people were restrained and their property was taken. ROA.157-59. In the plea agreement, the government agreed to move for a one-point reduction from the Guideline range if the District Court determined that Mr. Morant was entitled to an acceptance of responsibility reduction under U.S.S.G. § 3E1.1. ROA.155. Mr. Morant agreed to waive appeal concerning restitution. ROA.161, ROA.121. He did not waive appeal regarding the sentence of incarceration.

3

**B. Sentencing**

The November 22, 2022 revised presentence investigation report (PSR) is at issue in this case. ROA.226-57. The PSR concluded that Mr. Morant was a "career offender" under U.S.S.G. § 4B1.1 because he had two prior convictions for a felony "crime of violence" and because the crimes of conviction, kidnapping under 18 U.S.C. § 1201(a), qualified as a felony "crime of violence." ROA.238-39. Although the career offender designation did not increase the offense level, ROA.238-39, it did increase the criminal history category from IV to VI. ROA.244-45.

The result was an offense level 34 and a criminal history category was VI, for a range of 262 to 327 months of incarceration. ROA.251. Without the career offender designation, the criminal history category would have been IV, and the Guideline range would have been 210 to 262 months. ROA.244-45; *see also*, U.S.S.G. ch. 5, pt. A (Sentencing Table).

The PSR also showed that Mr. Morant was 55 years of age by the day of sentencing and had a troubled upbringing marred by sexual abuse, parental abandonment, and substance abuse. ROA.228, ROA.247 Mr. Morant's last criminal conviction was in December 2003. ROA.244. It showed no arrests between 2003 and the arrest for his crimes of conviction. ROA.246.

No objections were raised to the PSR. The sentencing hearing was held on March 10, 2023, a few days after Mr. Morant turned 55 years old. ROA.127-46,

ROA.228. At the hearing, the Court confirmed that Mr. Morant did not have objections to the PSR. ROA.129. It then calculated the Guideline range consistent with the PSR: Offense level, 34; criminal history category, VI; advisory Guideline range 262 to 327 months. ROA.130. The Court sentenced Mr. Morant to the top of the Guideline range, 327 months. ROA.142; ROA.83.

The Judgement was entered on March 13, 2023. ROA.82-87. Mr. Morant's trial counsel, who filed a motion to withdraw on the day of sentencing, failed to file a notice of appeal. ROA.78. Mr. Morant filed a notice of appeal on March 29, 2023, after he was appointed appellate counsel. ROA.92. On March 30, 2023, the Court issued an order permitting Mr. Morant to file his notice of appeal past the 14-day deadline in Federal Rule of Appellate Procedure 4(b)(1)(A). ROA.101.

## SUMMARY OF THE ARGUMENT

The District Court plainly erred when it designated Mr. Morant a "career offender" under the Sentencing Guidelines. The Court wrongly concluded that Mr. Morant's offense of conviction, kidnapping under 18 U.S.C. § 1201(a), was a "crime of violence" as defined by U.S.S.G. § 4B1.2(a). Section 4B1.2(a) requires that § 1201(a) either (1) involve the use, attempted use, or threatened use of *physical* force or (2) meet the generic definition of "kidnapping." U.S.S.G. § 4B1.2(a). Section 1201(a) does neither.

First, § 1201(a) can be violated by using deception, decoy, or inveiglement and does not require the use, attempted use, or threatened use of *physical* force. *United States v. Garza-Robles*, 627 F.3d 161, 166 (5th Cir. 2010). This Court, along with other circuits, has concluded that because § 1201(a) does not require physical force, it is not a crime of violence under a provision that is nearly identical to § 4B1.2(a)(1). *See United States v. Carreon*, 803 F. Appx. 790, 791 (5th Cir. May 6, 2020) (unpublished).

Section 1201 does not meet the generic definition of "kidnapping" either. Elements of generic kidnapping include: (1) knowing confinement; (2) substantial interference with the victim's liberty; (3) use of force, threat, or fraud; and (4) a substantial risk of bodily injury. *United States v. Martinez-Romero*, 817 F.3d 917, 921 (5th Cir. 2016). Federal kidnapping simply requires the knowing restraint of a

victim against their will. *United States v. Webster*, 162 F.3d 308, 330 (5th Cir. 1998). It does not require substantial interference with liberty; a serious risk of bodily injury; or the use of force, threats, or fraud. *Id*. Additionally, it does not require any specified purpose, such as to hold someone for ransom, and the kidnapper's purpose is not an element of the offense. *Id*.; *United States v. Johnson*, 514 F.2d 92, 95 (5th Cir. 1975). Section 1201(a) is among the few kidnapping statutes in the United States that requires only knowing restraint and no aggravating factors. *United States v. De Jesus Ventura*, 565 F.3d 870, 877 (D.C. Cir. 2009). It does not meet the generic definition of "kidnapping" and is not a crime of violence.

Mr. Morant was sentenced within the erroneously calculated Guideline range so the error was clear and obvious and affected Mr. Morant's substantial rights and the public integrity of judicial proceedings. Without the "career offender" designation, the Guidelines would have been 210 to 262 months, rather than 264 to 327 months. Applying plain error review, this Court reversed a district court's Guideline error based on a finding that California kidnapping was a "crime of violence." *United States v. Moreno-Florean*, 542 F.3d 445, 457 (5th Cir. 2008). It should do the same here.

# ARGUMENT

ISSUE RESTATED: The district court erred in determining that Mr. Morant was a career offender because federal kidnapping is not a crime of violence.

## A. Standard of Review

*De novo* review applies to a district court's characterization of a prior offense as a crime of violence. *United States v. Najera-Mendoza*, 683 F.3d 627, 629 (5th Cir. 2012). But because Mr. Morant did not object in the District Court, plain error review applies. *United States v. Moreno-Florean*, 542 F.3d 445, 448 (5th Cir. 2008). Mr. Morant must show that error was plain and affects his substantial rights. *Id*. If he does, this Court may exercise its discretion to correct the error if it affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

## B. The career offender Guideline.

The career offender Guideline has a devastating impact. Where, as here, the crime of conviction establishes a maximum sentence of life, the offense level is automatically increased to level 37. U.S.S.G. § 4B1.1(b). Additionally, the criminal history category is increased to category VI, which is the highest possible. *Id*.

To qualify as a career offender: (1) the defendant must be 18 years old or older when he committed the offense of conviction; (2) the instant offense must be a felony that is either a "crime of violence" or a controlled substance offense; and (3) the defendant must have at least two prior felony convictions for either a "crime of

8

violence" or a controlled substance offense. U.S.S.G. § 4B1.1(a). The issue in this case is factor two.

A "crime of violence" is defined as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). Federal kidnapping, 18 U.S.C. § 1201(a), is neither.

## C. 18 U.S.C. § 1201(a) is not a crime of violence under § 4B1.2(a)(1) because it does not require the use, attempted use, or threatened use of *physical* force against the person of another.

Federal kidnapping does not require the "use, attempted use, or threatened use of *physical* force against the person of another." U.S.S.G. § 4B1.2(a)(1) (emphasis added). This Court has explained that "non-physical restraint-for instance, fear or deception" satisfies § 1201(a). *United States v. Garza-Robles*, 627 F.3d 161, 166 (5th Cir. 2010). "It was not necessary that [the victim] be physically restrained or confined, as non-physical restraint arising from fear is enough to support a kidnapping conviction." *Id*. at 167 (internal quotations omitted). Additionally, because "deception" is sufficient, § 1201(a) does not require threatened or attempted use of force. *Id*.

9

Under its plain terms, moreover, § 1201(a) can be violated by "inveigling" or "decoying." 18 U.S.C. § 1201(a). A victim, therefore, could be simply locked in a room and held against their will with no threat of force and still "kidnapped" under § 1201(a). *See United States v. Brazier*, 933 F.3d 796, 800-01 (7th Cir. 2019) ("kidnapping may be accomplished without force . . . without a threat of force, and by holding the person simply by locking him or her in a room"). Neither "inveigling" nor "decoying" require the use, threatened use, or attempted use of physical force. *Id*.; *United States v. Gillis*, 938 F.3d 1181, 1206-07 (11th Cir. 2019).

Furthermore, many cases hold that § 1201(a) is not a "crime of violence" under the nearly identical language of 18 U.S.C. § 924(c)(3)(A), and these are highly instructive. *See United States v. Dixon*, 799 F. Appx 308, 309 (5th Cir. April 3, 2020) (unpublished) (collecting cases). The only difference between the two provisions is that § 924(c)(3)(A), covers physical force against both people and property, while § 4B1.2(a)(1) covers only people. *Compare* U.S.S.G. § 4B1.2(a)(1), *with*, 18 U.S.C. § 924(c)(3)(A). Here, that is a distinction without a difference. Both require the use, attempted use, or threatened use of "physical force." *Id*. And this Court, with a concession from the government, has concluded that § 1201(a) is not a crime of violence under § 924(c)(3)(A). *See United States v. Carreon*, 803 F. Appx. 790, 791 (5th Cir. May 6, 2020) (unpublished).

10

Every other circuit to address this issue has held the same—that federal kidnapping is not a crime of violence under § 924(c)(3)(A) because it does not require the use, attempted use, or threatened use of physical force. *Dixon*, 799 F. Appx at 309 (unpublished) (citing *United States v. Walker*, 934 F.3d 375, 378-79 (4th Cir. 2019); *Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019); *United States v. Brazier*, 933 F.3d 796, 800-01 (7th Cir. 2019); *United States v. Hopper*, 723 F. App'x 645, 646 (10th Cir. 2018); *United States v. Gillis*, 938 F.3d 1181, 1204-05 (11th Cir. 2019)). Federal kidnapping, therefore, does not qualify as a crime of violence under U.S.S.G. § 4B1.2(a)(1) because it does not require the use, attempted use, or threatened use of physical force.

## D. 18 U.S.C. § 1201(a) is not a crime of violence under § 4B1.2(a)(2) because it sweeps more broadly than the generic definition of "kidnapping."

Mr. Morant acknowledges that "kidnapping" is enumerated in U.S.S.G. § 4B1.2(a)(2), but that does not resolve this issue. *United States v. Martinez-Romero*, 817 F.3d 917, 920 (5th Cir. 2016). Instead, the Court must decide whether 18 U.S.C. § 1201(a) falls within the generic contemporary meaning of "kidnapping," or if it sweeps more broadly. *Id*.

This Court has outlined the generic definition of kidnapping by looking to state statutes, the Model Penal Code (MPC), and treatises. *See id.* at 921-23 (discussing cases). Generic kidnapping includes four elements: (1) knowing confinement; (2) substantial interference with the victim's liberty; (3) use of force,

threat, or fraud; and (4) a substantial risk of bodily injury. *Id.* at 921 (citing *United States v. Benitez–Osorio*, 514 F. Appx. 451, 453 (5th Cir. 2013)).

Additionally, this Court looks to the MPC definition, which requires a specified purpose for kidnapping: (1) to hold for ransom or reward; (2) to facilitate the commission of a felony, or flight thereafter; (3) to inflict bodily injury on or to terrorize the victim or another; or (4) to interfere with the performance of any governmental or political function. *Martinez-Romero*, 817 F.3d at 921.

A statute that contains only two of the four generic elements does not qualify as a crime of violence, even if it also contains a specified purpose requirement. *Martinez-Romero*, 817 F.3d at 923, 924. For example, although Florida's kidnapping statute contains a specified purpose requirement—i.e. intent to inflict bodily injury or to terrorize—it does not fit the generic definition of kidnapping because it contains only two of the four other elements—i.e. unlawful confinement and use of force, threat, or fraud. *Id*. at 923-24[1] Moreover, this Court has held that California's

---

[1] Florida's statue provides:

The term "kidnapping;" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:

1. Hold for ransom or reward or as a shield or hostage.

2. Commit or facilitate commission of any felony.

3. Inflict bodily harm upon or to terrorize the victim or another person.

4. Interfere with the performance of any governmental or political function.

Fla. Stat. 787.01(1); *Martinez-Romero*, 817 F.3d at 923.

kidnapping statute does not meet the generic definition of kidnapping because it does not require substantial interference with liberty or substantial risk of bodily injury. *United States v. Moreno-Florean,* 542 F.3d 445, 454-55 (5th Cir. 2008). There, the Court explained that the first and third generic elements alone are "not sufficient" to qualify for generic kidnapping. *Id*. at 454. And this Court has held the same concerning Colorado's and Oklahoma's kidnapping statutes. *United States v. Cervantes-Blanco*, 504 F.3d 576, 586-87 (5th Cir. 2007) (Colorado); *Najera–Mendoza*, 683 F.3d at 630 (Oklahoma). The federal kidnapping statute requires even less than these statutes.

The "essential elements" of § 1201(a) are the interstate commerce element, such as "transporting," along with simply "holding against consent with a [knowing] *mens rea*." *United States v. Webster*, 162 F.3d 308, 330 (5th Cir. 1998). The kidnapper's purpose for the unlawful confinement does not matter. *Id*.; *United States v. Johnson*, 514 F.2d 92, 95 (5th Cir. 1975) ("the kidnapper's ultimate purpose is immaterial"). Section 1201 is in the minority of kidnapping statutes, as it requires only intentional and unlawful restraint with no additional aggravating circumstance. *See United States v. De Jesus Ventura*, 565 F.3d 870, 877 (D.C. Cir. 2009) (surveying 52 kidnapping statutes and finding that the federal kidnapping statute is one of only eight that "require neither heightened intent nor any aggravating conduct or circumstances"). A kidnapping statute that requires only unlawful confinement,

without an aggravating circumstance, does not qualify as a crime of violence. *Martinez-Romero*, 817 F.3d at 923. And unlawful confinement is all that § 1201(a) requires.

In dissenting from the denial of an *en banc* rehearing, one judge joined by three others on this Court acknowledged that, under the existing precedent, "the federal kidnapping statute does not meet the generic, contemporary definition of kidnapping." *United States v. Najera-Mendoza*, 695 F.3d 387, 389 (5th Cir. 2012) (Jolly, J.) (dissenting from denial of reh'g *en banc*). That is correct.

### E. 18 U.S.C. § 1201(a) contains only one of the four generic elements of "kidnapping" and no specified purpose requirement.

18 U.S.C. § 1201(a) provides that the offense of kidnapping occurs when a person:

> unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof . . . .

The "essential elements, stripped to the bones," are to knowingly hold a person against their consent with a jurisdictional interstate commerce element. *Webster*, 162 F.3d at 330. The "benefits" language does not determine guilt or innocence. *Id*.; *Johnson*, 514 F.2d at 95. And the "or otherwise" language means that the actor's purpose for holding a victim does not matter. *Webster*, 162 F.3d at 330; *Johnson*, 514 F.2d at 95. In other words, § 1201(a) is missing elements two, three, and four of the generic definition as well as a specified purpose requirement of the

14

MPC definition. It is among the most barebones of kidnapping statutes on a national scale. *DeJesus Ventura*, 565 F.3d at 877.

### 1. 18 U.S.C. § 1201(a) does not require substantial interference with the victim's liberty.

First, there is no requirement for "substantial interference" with liberty in the wording of 18 U.S.C. § 1201(a). By contrast, Tennessee's and New York's kidnapping statutes, both of which do meet the generic definition, contain such wording. *See Cervantes-Blanco*, 504 F.3d at 587. Tennessee requires "false imprisonment," defined as "knowingly removing or confining another unlawfully so as to *interfere substantially with the other's liberty*." *United States v. Gonzalez-Ramirez*, 477 F.3d 310, 314 (5th Cir. 2007) (emphasis added). New York requires "restraint" which its law defines as "to restrict a person's movements intentionally and unlawfully in such manner as to *interfere substantially with his liberty* by moving him from one place to another." *United States v. Iniguez-Barba*, 485 F.3d 790, 791 (5th Cir. 2007) (emphasis added). On the other hand, Colorado's statute, which does not meet the generic definition, does not have such language. *Cervantes-Blanco*, 504 F.3d at 587-88. Neither does Florida's, which also does not qualify. *Martinez-Romero*, 817 F.3d at 923. And neither does § 1201(a).

The liberty restriction language of § 1201(a) is: "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away." 18 U.S.C. § 1201(a). The same basic language, "unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry

away," is contained in South Carolina's kidnapping statute. *See Cervantes-Blanco*, 504 F.3d at 586 (citing S.C. Code Ann. § 16-3-910 (2003)). And this is an example of "the broadest and most basically written kidnapping statute," which sweeps more broadly than the generic definition of "kidnapping." *Id*. (citing *Gonzalez-Ramirez*, 477 F.3d at 318).

Indeed, this Court recently explained that the kidnapping statute "does not require extended confinement." *United States v. Anderson*, 819 F. App'x 220, 223 (5th Cir. June 30, 2020) (unpublished). The Court rejected the defendant's argument that § 1201 requires "asportation or extended confinement rather than a brief, incidental restraint." *Id*. Brief or incidental confinement, therefore, violates the statute and the restriction on liberty does not need to be substantial. *Id*.

Similarly, as already noted, force, attempted force, or threatened force is not required to violate § 1201(a). Non-physical restraint is sufficient. *Garza-Robles*, 627 F.3d at 166. One case said a defendant's argument that physical restraint is required was "frivolous." *United States v. Carrion-Caliz*, 944 F.2d 220, 226 (5th Cir. 1991). Again, this Court acknowledged in *Dixon*, 799 F. Appx at 309, that every circuit court to address the issue has held that federal kidnapping does not require force. *See Brazier*, 933 F.3d at 800-01 ("kidnapping may be accomplished without force"); *Gillis*, 938 F.3d at 1209 ("§ 1201(a) can be violated without the use of physical force"). Section 1201(a) does not require substantial interference with liberty.

## 2. 18 U.S.C. § 1201(a) does not require a substantial risk of bodily injury.

Section 1201(a) does not require a substantial risk of bodily injury. It is not an element in the wording of the statute or this Court's definition of its elements. *Webster*, 162 F.3d at 330.

Again, federal kidnapping can be achieved merely by "inveigling" or "decoying" and by simply holding someone in a room without actual or threatened violence. *Brazier*, 933 F.3d at 801. A victim could be kept in a room, given all the necessities and comforts of modern life, never placed at risk of injury, but still "kidnapped" under § 1201(a). *Id*. The crime can be achieved without the risk of bodily injury.

Even if this statute did require risk of bodily injury, it certainly does not require a "substantial" risk as required by the generic definition. *Cf. United States v. Martinez-Flores*, 720 F.3d 293, 299-300 (5th Cir. 2013) (holding that New Jersey aggravated assault does not fit the generic definition of a crime of violence because the New Jersey crime requires only "significant bodily injury" and not "serious bodily injury").

## 3. 18 U.S.C. § 1201(a) does not have a specified purpose requirement.

The missing substantial interference with liberty element and substantial risk of bodily harm element resolves this issue, regardless of whether § 1201 contains a specified purpose requirement. *Martinez-Romero*, 817 F.3d at 923, 924. In *Martinez-Romero*, this Court held that the Florida statute did not meet the generic definition,

17

although it *did* contain a specified purpose provision, like the MPC. *Id*. at 923-24. It was dispositive that the Florida statute did not require substantial interference with liberty or risk of serious bodily injury. *Id*. Section 1201 also requires neither element. But it also does not require a specified purpose for the kidnapping. It is, therefore, even further from the generic definition than Florida's statute.

Based on Supreme Court case law, "the kidnapper's ultimate purpose is immaterial," as to whether § 1201(a) is violated. *Johnson*, 514 F.2d at 95 (citing *United States v. Healy*, 376 U.S. 75 (1964)). *See also*, *United States v. Jackson*, 248 F.3d 1028 (10th Cir. 2001) ("the kidnapper's purpose is not an element of the offense"); *United States v. Childress*, 26 F.3d 498, 502 n. 3 (4th Cir. 1994) (collecting cases indicating that "the requirement that a kidnapped person be held 'for ransom reward or otherwise' is not an element of the federal kidnapping offense"); *United States v. Atchison*, 524 F.2d 367, 370 (7th Cir. 1975) ("[t]he Supreme Court's decisions have consistently been read to permit a prosecution for kidnaping regardless of the defendant's purpose").

The plain language of § 1201 provides that unlawful confinement can be for ransom, reward, "or otherwise." 18 U.S.C. § 1201(a). The "or otherwise" language is the opposite of a specified purpose. Indeed, this Court has concluded that "otherwise can include any purpose." *Webster*, 162 F.3d at 328 (quoting *Clinton v. United States*, 260 F.2d 824, 825 (5th Cir. 1958)); *United States v. Small*, 988 F.3d

18

241, 250 (6th Cir. 2021) (same). Therefore, kidnapping can be for any reason and a specified purpose is not required. *Webster*, 162 F.3d at 328, 330; *Clinton*, 260 F.2d at 825. "The wording certainly suggests no distinction based on the ultimate purpose of the kidnapping." *United States v. Adams*, 83 F.3d 1371, 1373 (11th Cir. 1996).

Again, § 1201 is in the minority of kidnapping statutes in requiring only intentional and unlawful restraint with no aggravating circumstance. *See De Jesus Ventura*, 565 F.3d at 877 (surveying 52 statutes and finding that the federal kidnapping statute is one of only eight that "require neither heightened intent nor any aggravating conduct or circumstances").

Even if there is some small specified purpose requirement, the "or otherwise" language in § 1201(a) sweeps well beyond the particular specified purposes defined in the MPC. It "is broad enough to cover kidnappings undertaken out of non-pecuniary motives." *Carrion-Caliz*, 944 F.2d at 223. It covers motives such as sexual gratification or revenge. *Webster*, 162 F.3d at 330; *United States v. McCabe*, 812 F.2d 1060, 1062-63 (8th Cir. 1987). Neither of which are listed in the MPC.

Therefore, even if § 1201(a) could be read to require a specified purpose (it cannot) it is not limited to the four specified purposes listed in the MPC and sweeps wider than the generic definition of kidnapping. *See Martinez-Romero*, 817 F.3d at 921 (listing MPC specified purposes).

### 4. 18 U.S.C. § 1201(a) does not require the use of force, threat, or fraud.

As already discussed, § 1201(a) does not require the use of force or threat. Nor does it require "fraud." Therefore, the third element of generic kidnapping is also missing. Like the Colorado kidnapping statute, which does not "explicitly require force or fraud," the terms appear nowhere in the federal statute. *See Cervantes-Blanco*, 504 F.3d at 587. Like the Colorado statute, therefore, § 1201 contains no requirement of force, threat, or fraud. *Id*.

Again, § 1201 can be violated by inveiglement or decoy. 18 U.S.C. § 1201(a); *Gillis*, 938 F.3d at 1206-07. And this is the "broadest" language possible. *Cervantes-Blanco*, 504 F.3d at 587. To "inveigle" is to persuade "by means of deception or flattery." *Gillis*, 938 F.3d at 1206. To decoy is to "lure or entice (a person or animal) away from an intended course, typically into a trap." *Id*. "Fraud" on the other hand is narrower. It requires at least a knowing misrepresentation of a material fact or a material omission with a duty to disclose to the victim. Black's Law Dictionary at 685 (8th Ed. 2004). Inveiglement is not the same as fraud. Neither is decoying.

One could "inveigle" a person into a kidnapping through flattery, such as compliments, that are not false or fraudulent but meet the criteria of § 1201. Imagine two law students. One student makes A's the other makes C's. The C student wants to study with the A student for their constitutional law final exam. She showers the A student with compliments on her law school performance and invites her to study

at her apartment. The A student is flattered and accepts. At the apartment, after hours of studying together, the A student goes to the restroom. The C student decides to lock the A student in the bathroom and holds her for ransom—i.e. the A student's outlines to their constitutional law class. No false statement has been used. On the contrary, the A student is very intelligent and makes A's. The C student, furthermore, genuinely wanted to study with the A student. But the C student "inveigled" the A student with flattery into being kidnapped. The "inveigle" language, therefore, sweeps more broadly than the generic element of "force, threats, or fraud."

The same is true with kidnapping by "decoy." Imagine a kidnapper who lures a victim to his home by truthfully saying "I have a nice house with a beautiful swimming pool, would you like to go swimming?" The kidnapper indeed has a beautiful home with a grotto-style swimming pool. The victim accepts and, after enjoying the swimming pool, the kidnapper locks the victim in the closet against his will. No fraud or misrepresentation was used because the kidnapper in fact had a nice home and swimming pool and allowed the victim to use the pool. But he did use the home and swimming pool as a "decoy." He violated the federal statute but did not use force, threat, or fraud. He did not commit generic kidnapping.

Congress excluded the word "fraud" from the list of ways that kidnapping may be achieved. The terms "inveigle" and "decoy" sweep more broadly than the generic element of "force, threat, or fraud."

Section 1201(a), therefore, is missing three of the four elements of generic kidnapping. It requires knowing confinement and no other aggravating factors. *Webster*, 162 F.3d at 330; *De Jesus Ventura*, 565 F.3d at 877. Section 1201(a) is not a crime of violence under the definitions provided in U.S.S.G. § 4B1.2(a).

## F. The district court's Guideline calculation merits correction under plain error review.

Mr. Morant must show that error was plain and affects his substantial rights. *Moreno-Florean*, 542 F.3d at 448.  If he does, this Court may exercise its discretion to correct the error if it affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* All factors of plain error review are met.

### 1.  The error was clear and obvious.

Although this circuit has not directly addressed whether federal kidnapping is a crime of violence under U.S.S.G. § 4B1.1, that does not preclude a finding of clear and obvious error. *See United States v. Spruill*, 292 F.3d 207, 215 n.10 (5th Cir. 2002). This Court found plain error in a district court's finding that California kidnapping was a crime of violence under the Guidelines, though there were no cases "from this circuit or another circuit" specifically addressing the issue. *Moreno-Florean*, 542 F.3d at 450, 457. The Court reversed on plain error review because the California statute had only two of the four elements that are established as the generic elements of kidnapping. *Id*. at 457. Section 1201(a) has even less.

Likewise, this Court found plain error in a district court's finding that the sex trafficking of children is a crime of violence despite a lack of published case law in this Circuit on that specific issue. *United States v. Jackson*, 7 F.4th 261, 263 (5th Cir. 2021). That was in part because the result was "compelled by the language of the statute itself." *Id*. Similarly, this Court found plain error in a district court's determination that injury to a child constituted a "crime of violence," even though there was no prior circuit opinion addressing the specific issue. *United States v. Gracia-Cantu*, 302 F.3d 308, 312-13 (5th Cir. 2002).

As in *Moreno-Florean* and *Jackson*, error here is plain based on the language of the statute and this Circuit's decisions establishing the elements of generic kidnapping. *See generally*, *Martinez-Romero*, 817 F.3d at 821-23. The statutory language of § 1201(a) plainly does not require the use, threatened use, or attempted use of force and is missing three of the elements of generic kidnapping, which are well established in this Circuit.

## 2. The error affects substantial rights and merits the exercise of corrective discretion.

Finally, this Guidelines miscalculation satisfies plain error's third (prejudice) and fourth (discretion) prongs. "In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome," and has thus established the requisite "effect on [his] substantial rights." *Molina-Martinez v.*

*United States*, 578 U.S. 189, 201 (2016). And, "[i]n the ordinary case," an appellate court's "failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018). Both prongs are met here.

First, the error affected substantial rights. Without being wrongly branded a career offender by the Guidelines, Mr. Morant's criminal history category would have been IV. ROA.244-45. At offense level 34, the Guideline range would have been 210 to 262. U.S.S.G. ch. 5, pt. A. Instead, he was sentenced at a Guideline range of 262 to 327 months and was given the top of that range. ROA.130; ROA.83.

At the time of sentencing, March 10, 2023, Mr. Morant had just turned 55 years of age. ROA.228. A sentence of 327 months means that he will not be released until after the age of 81 years. Recent data shows that the average life expectancy of a male in the United States is 73.2 years. *See* CENTERS FOR DISEASE CONTROL AND PREVENTION, *Life Expectancy in the U.S. Dropped for the Second Year in a Row in 2021*.[2]

The fourth element is also satisfied. This is the "ordinary case" in which a plain and prejudicial Guidelines miscalculation merits correction. When "a sentencing error is clear and 'reasonably likely to have resulted in a longer prison

---

[2] *Available at*, https://www.cdc.gov/nchs/pressroom/nchs_press_releases/2022/20220831.htm

sentence than necessary,' 'most defendants' will be entitled to relief." *United States v. Urbina-Fuentes*, 900 F.3d 687, 698 (5th Cir. 2018) (quoting *Rosales-Mireles*, 138 S. Ct. at 1910). Again, Mr. Morant was sentenced within the erroneously calculated Guideline range. The record here evinces no "countervailing factors" indicating that "the fairness, integrity, and public reputation of the proceedings will be preserved absent correction." *Rosales-Mireles*, 138 S. Ct. at 1909. Accordingly, this Court should exercise its discretion to correct the error, vacate Mr. Morant's sentences, and remand for resentencing.

## CONCLUSION

The District Court erroneously concluded that Mr. Morant qualified as a career offender. His Sentencing Guideline range was increased significantly. The error was clear and obvious and affected Mr. Morant's substantial rights and the fairness and integrity of judicial proceedings. This Court should vacate the sentence and remand this case to the District Court for resentencing.

Respectfully submitted,

*/s/ Dennis Hester*
J. Dennis Hester
TX State Bar No. 24065415
7 Bell Yard
London, United Kingdom WC2A 2JR
Tel. 325-212-8272
dennis_hester@outlook.com

## CERTIFICATE OF SERVICE

This brief was served upon counsel for the appellee by notice of electronic filing with the Fifth Circuit CM/ECF system.

*/s/ Dennis Hester*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B) & (f) because it contains 5,574 words.

2. This brief complies with the typeface and type style requirements of FED. R. APP. P. 32(a)(5)-(6) because it has been prepared with the current version of Microsoft Word software, Microsoft Office 365 edition, using the proportionally spaced, Times New Roman typeface in the text (14-point) and footnotes (12-point).

3. This brief was filed electronically, in native Portable Document File (PDF) format, via the Fifth Circuit's CM/ECF system.

4. This brief complies with the privacy-redaction requirement of 5th Cir. R. 25.2.13 because it has been redacted of any personal data identifiers.

5. This brief complies with the electronic-submission requirement of 5th Cir. R. 25.2.1 because it is an exact copy of the paper document.

6. This brief has been scanned for viruses with the most recent version of a commercial antivirus scanning program and is free of viruses.

*/s/ Dennis Hester*